IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAVID MORRISON, | ) Civil Action No. 4:07-1504-CMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| MICHAEL PETTIFORD, DR. BERRIOS, S. | ) |
| DEESE, HEALTH CARE SPECIALIST, | ) |
| CHARLES HARDING, UNIT MANAGER, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, David Morrison ("plaintiff" or "Morrison") filed this action pro se on May 30,

2007[1].  The plaintiff is an inmate presently incarcerated at the Federal Correctional Institution in

Bennettsville, South Carolina (FCI Bennettsville). The plaintiff has filed this lawsuit asserting that

his constitutional rights are being violated. Defendants filed a motion to dismiss on September 5,

2007. Because the plaintiff is proceeding *pro se*, he was then advised on September 6, 2007,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to

defendants' motion to dismiss could result in the dismissal of his complaint. Plaintiff filed a response

in opposition on September 18, 2007.

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d),DSC. Because
this is a dispositive motion, the report and recommendation is entered for review by the District
Judge.

## II.  DISCUSSION

### ALLEGATIONS/ARGUMENTS

Plaintiff filed this action pursuant to 42 U.S.C. §1983 against employees at FCI Bennetsville alleging he did not receive proper medication and treatment for an injury he received when he slipped and fell in his housing unit on March 1, 2007. Plaintiff alleges that after he fell, he was taken by a med'cart to the Health Services Department where he had to wait from 8:40 a.m. to 12:00 p.m. before the institution staff determined he needed to go to the outside hospital. Plaintiff asserts that an x-ray at the hospital revealed that he had dislocated his shoulder and fractured his collarbone. Plaintiff alleges that his shoulder was put back into place and he was given a sling, a prescription for Percocet, and told he needed to see a bone specialist. Plaintiff asserts that once he returned to FCI Bennetsville, he was given Tylenol #3 in place of the Percocet and was not seen by a bone specialist. Plaintiff contends that defendant Deese would not give him his Tylenol #3 when he reported to the pill line on March 2, 2007. Plaintiff asserts that he filed a BP-8 and received a response; however, plaintiff alleges that when he filed his BP-9, he never received a response. Plaintiff requests $1,000,000.00 in monetary damages for deliberate indifference to his medical needs and requests that the BOP allow him to see a bone specialist.

Defendants argue the petition should be dismissed for lack of subject matter jurisdiction over plaintiff's claims against the defendants in their official capacities.

Suits against federal officials may not be brought under § 1983. District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973). Federal courts have power under 28 U.S.C. § 1331 (1994) to award damages occasioned by infringements by federal officials of constitutionally protected interests. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971); see Radin v. United States, 699 F.2d 681, 684 (4th Cir. 1983) (Bivens recognized an action against

federal officers sued in individual capacities, but not against the United States). Plaintiff's <u>Bivens</u>

action cannot lie against the United States nor against the individual defendants in their official

capacities. *See* <u>United States v. Mitchell,</u> 463 U.S. 206, 212 (1983) (the United States cannot be sued

without its express consent.); <u>Radin v. United States,</u> 699 F.2d 681, 685 (4th Cir.1983); <u>Keene Corp.</u>

<u>v. United States,</u> 700 F.2d 836, 845 n. 13 (2d Cir.1983) (*Bivens* does not allow for recovery of

money damages, or suits in general, against the government itself.). Thus, to the extent defendants

are being sued for monetary damages under <u>Bivens</u> in their official capacities, the claims are barred

by the doctrine of sovereign immunity. Sovereign immunity does not bar damage actions against

federal officials in their individual capacities for violation of an individual's constitutional rights.

<u>Gilbert v. Da Grossa,</u> 756 F.2d 1455, 1459 (citing <u>Davis v. Passman,</u> 442 U.S. 228(1979); <u>Bivens,</u>

<u>supra</u> or an action for injunctive relief.

Defendants also claim the case should be dismissed for failure to exhaust administrative

remedies. The Federal Bureau of Prisons has established an administrative procedure whereby a

federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See*

28 C.F.R. § 542.10, which was cited in <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir.1986). The

plaintiff must begin the process of administratively exhausting his administrative remedies by filing

a Form BP-8 (the informal resolution process). If the plaintiff is not satisfied with the informal

resolution, he must file a formal grievance with the Warden of his prison (using a Form BP-9). See

28 C.F.R. § 542.13(b).   <u>Smith v. Gonzales</u>, 2006 WL 1074138 (D.S.C.  April 19, 2006). When the

Warden has issued a determination on the petitioner's formal grievance, only the first step of the

formal administrative process will have been completed. If necessary, the plaintiff must appeal the

Warden's determination to the Regional Director of the Federal Bureau of Prisons, and, if necessary,

to the Office of General Counsel. Id. *citing* 28 C.F.R. 542.15. *See also* Williams v. O'Brien, supra, 792 F.2d at 987. The petitioner "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. § 542.10 through § 542.16; and Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986)(federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court). Smith, supra.

A review of plaintiff's complaint reveals that he asserts he filed a BP-8 (informal remedy) on March 7, 2007. On April 9, 2007, plaintiff asserts he filed a BP-9 (as my appeal of the BP-8), BP-9 go directly to the Warden but did not receive a response. Thus, plaintiff states in his complaint that since he had not received a response to the BP-9, he could not continue withthe Grievance Procedures and filed this §1983 complaint. (See complaint). In his response in opposition, plaintiff contends that "an unanswered and/or non-response on his BP-9 hinders him to continue the path of his remedy's process. For that reason, the plaintiff filed the Civil Action against the defendant(s)." (Response).

Based on plaintiff's own pleadings and responses, he has failed to exhaust his administrative remedies before filing a claim in this court. Plaintiff admits that he did not appeal to the next level after not receiving a response from the Warden. However, no response can be treated as a denial so that plaintiff could appeal to the next level. Accordingly, the undersigned finds that the plaintiff has not exhausted his administrative remedies.

### III.  PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

On August 7, 2007, plaintiff filed a motion entitled "Petition for Order of Restraint and

Injunction." (Document #24). In this motion, plaintiff is requesting the Court to issue a temporary restraining order enjoining the defendants from retaliating against plaintiff for the instant lawsuit. Plaintiff states that on August 1, 2007, Captain Del Re entered his unit but refused to answer plaintiff's "inquiry into a matter concerning his complaint then the Captain made the following statement to the plaintiff 'if you drop your tort claim of $25,000, I will move your brother over to your unit (C-2)." Plaintiff asserts he informed the Captain that he was not going to drop the suit (Plaintiff's motion).  Plaintiff contends that he requested a "no retaliation clause" when he filed his civil suit.  Further, plaintiff asserts that he feels that by being approached by the Captain on August 1, 2007, wherein he made the statement concerning dropping his suit, that he was subjected to "blackmail," "extortion," and "trickery" on the Captain's behalf. Plaintiff alleges that he "feels that by being approached [by] the Captain constitutes a retaliatory threat against plaintiff for filing said suit." (Motion).  Plaintiff requests an Order of Restraint against all defendants and any other staff member of the Federal Correctional Institution located in Bennettsville, South Carolina for filing the original 42 U.S.C. §1983." (Motion).

By plaintiff requesting a Temporary Restraining Order, he is seeking injunctive relief. The Court should consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties; (b) whether plaintiff will suffer irreparable injury if the interim relief is denied; (c) the injury to defendants if an injunction is issued; and (d) the public interest.

North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749 (4th Cir. 1979)  See also Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Fort

5

Sumter Tours, Inc. v. Andrus, 564 F.2d 1119 (4th Cir. 1977). However, preliminary relief directed

to running a state prison should be granted only in compelling circumstances. Taylor v. Freeman,

34 F.3d 266, 269 (4th Cir. 1994).

    The two most important factors are probable irreparable injury to the plaintiff if the relief is

not granted and the likelihood of harm to the defendants if the injunction is granted.  North Carolina

State Ports Authority v. Dart Containerline Co., Ltd., 592 F.2d at 750.

    To satisfy case or controversy requirement of Article III, plaintiff must show a personal threat

of ongoing or future harm, the likelihood that the wrongful behavior will occur or continue, and that

the threatened injury is impending. Friends of the Earth, Inc. v. Laidlaw Environmental Servs., 528

U.S. 167, 190 (2000); see also City of Los Angeles v. Lyons, 461 U.S.95, 101-102 (1983) (plaintiff

must face real and immediate threat of future injury).

    Plaintiff does not have an automatic right to a preliminary injunction, and such relief should

be used sparingly.  The primary purpose of injunctive relief is to preserve the status quo pending a

resolution on the merits.  Injunctive relief which changes the status quo pending trial is limited to

cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283,

286 (4th Cir. 1980).

    As noted, the courts are directed to leave prison administration to the discretion of those best

suited to running the prisons.  Granting plaintiff injunctive relief  would have the effect of allowing

a prisoner to "approve" actions taken by the prison administration that might have an impact on

them, because any attempt to require his compliance might be construed (by any of the parties) as

a violation of the order.  Importantly, the plaintiff has not shown or provided any evidence that he

is currently subject to a real and immediate threat of physical harm.  See Los Angeles v. Lyons, 461

U.S. 95 (1983). Plaintiff has only alleged that on August 1, 2007, the Captain told him that if he dropped the suit, he would move plaintiff's brother over to plaintiff's unit.

Based on the above recommendation as to defendants' motion to dismiss, plaintiff has failed to show a likelihood of success on the merits. Therefore, plaintiff's motion for a Restraining Order should be deemed MOOT (Document #24).

## IV.  CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that defendants' motion to dismiss (document #26) be GRANTED.

It is further RECOMMENDED that plaintiff's motion for injunctive relief/restraining order (document #24) and all other outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 18, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**